IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV70-1-MU

| | |
|---|---|
| ANTHONY LEO WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| DAVID MITCHELL, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment and supporting memorandum (Doc. Nos. 6 and 8), filed June 16, 2010.

Upon a review of the record, the arguments, and applicable authorities, the Court finds that Respondent's motion for summary judgment should be granted and Petitioner's § 2254 petition for writ of habeas corpus should be dismissed.

## PROCEDURAL HISTORY

On February 27, 2007, in the Superior Court of Burke county, Petitioner pled guilty to possession of drug paraphernalia; possession with intent to manufacture, sell, and deliver methamphetamine; manufacturing marijuana; and habitual felon status. Sentencing was continued six months to allow Petitioner to cooperate with law enforcement. Petitioner did not cooperate with law enforcement and did not appear for his first sentencing hearing. As a result, an arrest warrant was issued and Petitioner was found and arrested. On March 4, 2008, in accordance with the terms of Petitioner's plea agreement, Petitioner's convictions were consolidated and he was sentenced to 108 to 139 months' imprisonment.

Petitioner appealed his sentence and conviction to the North Carolina Court of Appeals. On January 20, 2009, in a unanimous, unpublished opinion, the court of appeals dismissed Petitioner's appeal because he had no statutory right to appeal. State v. White, 195 N.C. App. 131 (2009).

On April 27, 2009, Petitioner filed, through counsel, a Motion for Appropriate Relief (MAR) with the Burke County Superior Court. On April 29, 2009, the superior court denied Petitioner's MAR. Petitioner, through counsel, filed a motion to reconsider which was denied. On August 13, 2009, Petitioner, through counsel, filed a petition for discretionary review with the North Carolina Court of Appeals which was denied on August 28, 2009.

On March 25, 2010,[1] Petitioner filed the instant federal habeas petition alleging that: 1) the trial court lacked jurisdiction to impose judgment pursuant to an invalid indictment; 2) he received ineffective assistance of counsel for counsel's failure to notify him that the indictment was deficient and for his failure to challenge the indictment; 3) the trial court erred in not addressing his competency;[2] and 4) the defective indictment did not provide adequate notice and therefore rendered his guilty plea involuntary.

## APPLICABLE LAW

### A. STANDARD OF REVIEW UNDER 28 U.S.C. § 2254

The threshold inquiries for a federal court reviewing a federal habeas petition are whether

---

[1] The Court notes that Petitioner dated his petition January 4, 2010. The Court is unclear as to the reason for the discrepancy between the date the petition was signed by Petitioner and the date it was received by the Court. Petitioner's petition is timely in either event.

[2] Respondent argues that this claim is unexhausted. In his response to the Motion for Summary Judgment, Petitioner withdraws this claim.

the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits,[3] a federal court reviews questions of law and mixed questions of law and fact de novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 528 U.S. 225 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445,

---

[3] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002). This deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). An "unreasonable application" occurs when a state court correctly identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of a petitioner's case. Rompilla v. Beard, 545 U.S. 374 (2005)(citations omitted). An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. See Williams, 529 U.S. at 413; Schriro v. Landrigan, 127 S. Ct. 1933, 1939 (2007)("[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher burden.") Therefore, this Court may not

4

issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Williams, 529 U.S. at 413.

When examining whether a state court's judgment "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceeding" a reviewing court must be mindful that a "determination of a factual issue made by a State court shall be presumed correct" unless a petitioner rebuts this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(d)(2); 28 U.S.C. § 2254(e)(1); Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

## PETITIONER'S CLAIMS

### A. DEFECTIVE INDICTMENT CLAIMS

Petitioner alleges that the trial court lacked jurisdiction to impose judgment on him because his indictment was defective. Petitioner also alleges that his guilty plea was involuntary because his indictment was defective. Petitioner contends that his indictment was defective because the indictment omitted the word "knowingly."

It is well-settled that a misapplication of state law does not entitle a prisoner to federal habeas review. "A federal court may not issue the writ on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984). A state court's determination that one of its courts had jurisdiction over a purely state law criminal charge is not a matter cognizable in federal habeas corpus. See Wright v. Angelone, 151 F.3d 151, 158 (4th Cir.1998) (citing Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir.1976)). In order to state a ground for relief, a clearly established federal right violation must be alleged. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas court to reexamine state-court determinations

5

on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Petitioner's defective indictment claim is a state law claim. See Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985)(variances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process);[4] Wright v. Angelone, 151 F.3d 151, 156-58 (4th Cir. 1998)(jurisdiction is a non-cognizable state law issue); see also Johnson v. Puckett, 930 F.2d 445, 447 (5th Cir.1991)("In a federal court, habeas corpus can be invoked with respect to indictments only where they are 'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment."). Consequently, Petitioner's defective indictment claim is dismissed on this basis.

Moreover even if Petitioner's defective indictment claims were somehow construed as federal claims, Petitioner raised a defective indictment claim in his MAR where it was denied. In denying this claim, the Burke County Superior Court stated that:

> This contention is not supported by North Carolina case law. The North Carolina Court of Appeals in three separate unpublished opinions has refused to adopt this argument. See State v. Memminger, 2007 N.C. App. Lexis 2234 (Nov. 6, 2007); State v. Obiiorah, 2005 N.C. App. Lexis 2678 (Dec. 20, 2005); State v. Chesson, 2002 N.C. App. Lexis 2094 (May 21, 2002). As such, the defendant's first contention lacks merit.

(Doc. No. 8-6.) Petitioner also raised this issue in his Petition for Writ of Certiorari which was

---

[4] The Court notes that although Petitioner broadly makes the assertion that his Due Process rights were violated, after reviewing the record the Court finds no support for a conclusion, that the alleged deficiency made the trial so egregiously unfair as to amount to a deprivation of due process.

summarily denied.[5] Consequently, the standard of review set forth in § 2254(d) applies to this claim. Therefore, relief may not be granted unless the North Carolina Court of Appeals' adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Petitioner does not meet his burden.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner also alleges that his trial counsel was ineffective for failing to inform him that the indictment was defective and for failing to challenge the defective indictment.[6]

Petitioner raised this same claim in his MAR where it was denied. In denying this claim, the Burke County Superior Court, after citing to Strickland v. Washington, stated about his claim that his counsel should have challenged his indictment as defective:

> . . . In this case, the failure to raise a contention that lacks merit is not prejudicial. If the defendant's trial counsel had raised this issue, it would not have been resolved in his favor.

(Doc. No. 8-6.) Petitioner also raised this issue in his Petition for Writ of Certiorari which was summarily denied.[7] Consequently, the standard of review set forth in § 2254(d) applies to this

---

[5] The North Carolina Court of Appeals summarily denied Petitioner's petition for writ of certiorari. Because the denial of the certiorari petition was summary in nature, this Court will look to the MAR opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 801-03 (1991); accord Skipper v. French, 130 F.3d 603, 609 (4th Cir. 1997).

[6] In his response to the Motion for Summary Judgment Petitioner appears to attempt to broaden his ineffective assistance of counsel claim. Petitioner may not raise new claims in a response. Moreover, any such claims would be unexhausted.

[7] The North Carolina Court of Appeals summarily denied Petitioner's petition for writ of certiorari. Because the denial of the certiorari petition was summary in nature, this Court will

7

claim. Therefore, relief may not be granted unless the North Carolina Court of Appeals' adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

The established Supreme Court precedent governing ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290. Moreover, trial counsel is given "wide latitude" to make "tactical decisions" regarding their clients representation. Strickland, 466 U.S. at 690.

At a minimum, Petitioner has not established that he was prejudiced by his counsel's failure to challenge his indictment based upon the omission of the word "knowingly" from the

---

look to the MAR opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 801-03 (1991); accord Skipper v. French, 130 F.3d 603, 609 (4th Cir. 1997).

indictment. Case law, albeit unpublished,[8] supports the conclusion that such a claim would not have been successful. See North Carolina v. Memminger, 186 N.C. App. 681 (2007)(the omission of the word "knowing" from an indictment charging a § 90-95(a) violation did not render the indictment facially invalid); State v. Obiorah, 175 N.C. App. 248 (2005)(same); State v. Chesson, 150 N.C. App. 439 (2002)(same). Moreover, this precise argument was raised by counsel to the trial court in Petitioner's MAR and to the court of appeals in his petition for writ of certiorari. In both instances the argument failed. Petitioner has not established that a reasonable probability existed that had the argument been raised it would have been decided in his favor.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED**; and

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner

---

[8] Significantly, Petitioner fails to cite to any cases where the word "knowingly" was omitted from a § 90-95 indictment and the indictment was ruled to be facially invalid.

must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

Signed: July 22, 2010

Graham C. Mullen
United States District Judge